# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALLEN L. GILLS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-cv-00784-SMY |
| | ) |
| PINCKNEYVILLE ILLINOIS | ) |
| DEPARTMENT OF CORRECTIONS, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Allen Gills filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 alleging that he was brutally attacked by another inmate while he was in custody at Pinckneyville Correctional Center. He is requesting money damages. Along with the Complaint, Plaintiff filed a motion to proceed *in forma pauperis* ("IFP Motion"). (Doc. 2).

At the time he filed this Complaint, Plaintiff was living in a personal residence and public records show that he was released for parole on February 15, 2019.[1] Additionally, he indicates in his IFP Motion (Doc. 2, p. 1) that he is currently not incarcerated. As such, Plaintiff does not meet the statutory definition of a "prisoner"[2] for purposes of the IFP statute, which states that "[t]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms

---

[1] *See* https://www2.illinois.gov/idoc/offender/pages/inmatesearch.aspx (last visited July 31, 2019). The Court may take judicial notice of public records available on government websites. *Bova v. U.S. Bank, N.A.,* 446 F.Supp. 2d 926, 960 n. 2 (S.D. Ill. 2006)(citations omitted).
[2] The determination of a plaintiff's status as a prisoner or non-prisoner, and thus the applicability of the PLRA must be made as of the date the lawsuit is brought. *Kerr v. Puckett*, 138 F.3d 321, 323 (7th Cir. 1998).

1

and conditions of parole, probation, pretrial release, or diversionary program." *See* 28 U.S.C. § 1915(h). The Court, however, may allow a civil case to proceed without prepayment of fees, if the litigant demonstrates that he is indigent under 28 U.S.C. § 1915(a)(1) by submitting "an affidavit that includes a statement of all assets [he] possesses [showing] that the person is unable to pay such fees or give security therefor[,]" and the Complaint survives review under 28 U.S.C. § 1915(e)(2).

## Discussion

In the Complaint, Plaintiff alleges that on January 17, 2019, he was brutally attacked by another inmate, Shone Jones, while incarcerated at Pinckneyville. (Doc. 1, p. 5). He also alleges that he lost two pints of blood following the attack.

Section 1915(e)(2) requires careful threshold scrutiny of the Complaint. The district court may deny an otherwise qualified plaintiff leave to proceed IFP and dismiss a case, if the action is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. *Id.*; *Lucien v. Roegner,* 682 F.2d 625, 626 (7th Cir. 1982). The test for determining if an action is frivolous or meritless is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). At this juncture, the factual allegations of the *pro se* Complaint are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.,* 577 F.3d 816, 821 (7th Cir. 2009).

Plaintiff's Complaint does not survive preliminary review under Section 1915(e)(2)(B). It is not entirely clear if Plaintiff intends to name Pinckneyville Correctional Center ("Pinckneyville") or Illinois Department of Corrections ("IDOC") or both as a defendant since the

only named Defendant is "Pinckneyville Illinois Department of Corrections" and he does not mention this entity anywhere in his Complaint other than in the case caption. The reason that plaintiffs, even those proceeding *pro se* for whom the Court is required to liberally construe Complaints, are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and they can properly answer the Complaint. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Thus, where a plaintiff has not included a defendant in his statement of claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Additionally, to the extent Plaintiff is attempting to name Pinckneyville or IDOC as a defendant, he cannot pursue a request for money damages against either entity because they are not "persons" within the meaning of the Civil Rights Act, and are therefore not subject to a § 1983 lawsuit. *See Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989). Because Plaintiff has failed to associate specific defendants with specific claims, his Complaint must be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff, however, will be given an opportunity to re-plead his claims in an amended complaint if he wishes to proceed with this case. A successful Complaint generally alleges "the who, what, when, where, and how…" *DiLeo v. Ernst & Young,* 901 F.2d 624, 627 (7th Cir. 1990). When preparing the Amended Complaint, Plaintiff should identify each defendant in the case caption and set forth sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights.

## Motion for Recruitment of Counsel

Plaintiff has also filed a Motion for Recruitment of Counsel (Doc. 3). There is no constitutional or statutory right to appointment of counsel in federal civil cases. *Romanelli v. Suliene,* 615 F.3d 847, 851 (7th Cir. 2010). Federal District Courts have discretion under 28 U.S.C. § 1915(e)(1) to request counsel to assist *pro se* litigants. *Id.* When presented with a request to appoint counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself [.]" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

With regard to the first step of the inquiry, Plaintiff states that he has contacted all of the Chicagoland prison associated pro bono attorneys in an attempt to retain counsel. (Doc. 3, p. 1). The Court finds, however, that because Plaintiff has not provided more information, such as proof of rejections from these law offices, he has not demonstrated that he has made a reasonable attempt to find counsel. For this reason, Plaintiff's motion is **DENIED** without prejudice. The Court encourages Plaintiff to renew his request for the appointment of counsel at a later date. If Plaintiff does renew his request, he should give the Court rejection letters from at least three lawyers to prove that he has recently made reasonable efforts to find a lawyer on his own.

## Disposition

**IT IS HEREBY ORDERED** that the Motion for Leave to Proceed *in forma pauperis* (Doc. 2) is **DENIED without prejudice**, and the Complaint (Doc. 1) is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that the Motion for Recruitment of Counsel (Doc. 3) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that, should he wish to proceed any further with this action, Plaintiff must: (1) file a Renewed/Second Motion for Leave to Proceed *in forma pauperis* or prepay the full $400.00 filing fee for this action on or before **September 5, 2019**; and (2) file a "First Amended Complaint" by the same deadline of **September 5, 2019**. Failure to comply with this deadline or the instructions in this Order shall shall result in dismissal of this action with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall not count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g) because Plaintiff was not a prisoner at the time he filed this lawsuit.

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 19-cv-00784-SMY). Plaintiff should attempt to include all the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits, but he must re-file any of those exhibits he would like the Court to consider when reviewing the First Amended Complaint. He should include only related claims. Unrelated claims against different defendants will be severed into new cases and additional filing fees may be assessed. To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any

5

previous pleading. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915(e)(2).

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $400.00[3] remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. 28 U.S.C. § 1915(b)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 8/8/2019**

        *s/ Staci M. Yandle*
        **STACI M. YANDLE**
        **United States District Judge**

---

[3] Effective May 1, 2013, the filing fee for a civil case increased from $350.00 to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. See Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. A litigant who is granted IFP status, however, is exempt from paying the new $50.00 fee.