IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALLEN L. GILLS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-cv-00784-SMY |
| | ) |
| PINCKNEYVILLE ILLINOIS | ) |
| DEPARTMENT OF CORRECTIONS, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

After his release from prison, Plaintiff Allen Gills filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 alleging that he was brutally attacked by another inmate while he was in custody at Pinckneyville Correctional Center. (Doc. 1). The Complaint did not survive screening. (Doc. 5). On August 8, 2019, the Court dismissed the Complaint pursuant to 28 U.S.C. § 1915(e)(2) and denied the Motion for Leave to Proceed *in forma pauperis* ("IFP"). *Id*.

Plaintiff was granted leave to file a First Amended Complaint on or before September 5, 2019. (Doc. 5, p. 5). He was warned that the action would be dismissed with prejudice, if he failed to file a First Amended Complaint by the deadline. *Id*. He was also advised that his obligation to pay the $400.00 filing fee remained due and payable, regardless of whether he elected to file a First Amended Complaint. *Id*. at p. 6. Plaintiff was invited to renew his request for IFP on or before September 5, 2019. *Id*.

Plaintiff's deadline for filing the First Amended Complaint and renewing his request for IFP has expired. He has not filed an amended complaint or requested an extension.

The Court will not allow this matter to linger indefinitely. Accordingly, this action shall be dismissed with prejudice for Plaintiff's failure to comply with a Court Order (Doc. 5) and/or prosecute his claims. *See* Fed. R. Civ. P. 41(b).

1

### Disposition

**IT IS HEREBY ORDERED** that this action is **DISMISSED** with prejudice based on Plaintiff's failure to comply with the Court's Order to file a First Amended Complaint and file a Motion for Leave to Proceed IFP or repay the filing fee, (Doc. 5), and Plaintiff's failure to prosecute his claims. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed. Therefore, the filing fee of $400.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal. A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: September 16, 2019**

                                                 _s/ Staci M. Yandle_
                                                 **STACI M. YANDLE**
                                                 **U.S. District Judge**